Paul B. Barton, OSB No. 100502
OLSEN BARTON LLC
4035 Douglas Way, Suite 200
Lake Oswego, OR 97035
Tel: (503) 468-5573
Fax: (503) 820-2933
paul@olsenbarton.com

Mason A. Barney
Tyler J. Bean
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
mbarney@sirillp.com
tbean@sirillp.com

*Attorneys for Plaintiffs, on behalf of themselves and
on behalf of all others similarly situated*

# THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| DEBORAH CIMINO and CONOR MANCONE, on behalf of themselves and all others similarly situated, | Case No. 3:23-cv-01185-JR |
| Plaintiffs, | |
| v. | |
| ETZ HAYIM HOLDINGS, S.P.C., d/b/a LAZARUS NATURALS, | |
| Defendant. | |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT**

## TABLE OF CONTENTS

LR 7-1 CERTIFICATION ......................................................................................... 1

MOTION .................................................................................................................... 1

I.     INTRODUCTION ............................................................................................ 1

II.    FACTS AND PROCEDURAL HISTORY ..................................................... 3

III.   SUMMARY OF SETTLEMENT ................................................................... 3

IV.   ADMINISTRATION OF THE SETTLEMENT ............................................ 4

V.    LEGAL STANDARD ...................................................................................... 5

VI.   ARGUMENT .................................................................................................... 6

    A.   The Settlement Satisfies Rule 23(a) .................................................... 7

    B.   The Settlement Satisfies All the Rule 23(e)(2) Factors ...................... 8

        1.   The Class Was Adequately Represented ...................................... 8

        2.   The Settlement was Negotiated at Arm's Length ......................... 9

        3.   The Relief is Adequate under Rule 23(e)(2)(C) ........................... 9

             i.    The Costs, Risks, and Delay of Trial and Appeal ............ 10

             ii.   The Method of Distributing Relief is Effective ................. 10

             iii.  The Terms Relating to Attorneys' Fees are Reasonable .................. 11

             iv.  Any Agreement Required to be Identified Under Rule 23(e)(3) ....... 11

        4.   The Proposed Settlement Treats Class Members Equally ............ 11

    C.   The Settlement Satisfies All of the *Bluetooth* Factors ................. 12

        1.   The Strength of Plaintiffs' Case ................................................ 12

        2.   Risk, Expense, Complexity, and Duration of Further Litigation .................. 13

        3.   The Risk of Maintaining Class Action Status Through Trial ........................ 14

        4.   The Amount Offered in Settlement .............................................. 15

        5.   The Extent of Discovery Completed and the Stage of the Proceedings ........ 16

        6.   The Experience and Views of Counsel ........................................ 16

        7.   Governmental Participants .......................................................... 17

i

          8.     The Positive Reaction of the Class Favors Final Approval ........................... 17

          9.     Lack of Collusion Among the Parties ............................................................ 19

VII.    NOTICE SATISFIED DUE PROCESS AND RULE 23 ................................................. 19

VIII.   CONCLUSION .................................................................................................................... 21

## **TABLE OF AUTHORITIES**

**Cases**

*Adlouni v. UCLA Health Systems Auxiliary, et al.*,
  No. BC 589243 (Cal. Super. Ct. June 28, 2019) ......................................................... 15

*Barker v. CDR Maguire, Inc.*,
  No. 6:21-cv-01720-AA, 2022 WL 1799812 (D. Or. June 2, 2022) ........................................ 20

*Calderon v. Wolf Firm*,
  No. SACV 16-1622-JLS(KESx), 2018 WL 6843723 (C.D. Cal. Mar. 13, 2018) .................. 15

*Chester v. TJX Cos.*,
  No. 5:15-cv-01437-ODW(DTB), 2017 WL 6205788 (C.D. Cal. Dec. 5, 2017) ..................... 12

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ................................................................................. 6

*Cochran v. Accellion, Inc., et al.*,
  No. 5:21-cv-01887 (N.D. Cal.) (June 30, 2021) ......................................................... 15

*Dennis v. Kellogg Co.*,
  No. 09-cv-1786-L(WMc), 2013 WL 6055326 (S.D. Cal. Nov. 14, 2013) ............................. 12

*Dickey's Barbeque Restaurants, Inc.*,
  No. 20-cv-3424 (N.D. Tex.) ................................................................................. 15

*Doe v. Mindgeek United States Inc.*,
  702 F. Supp. 3d 937 (C.D. Cal. 2023) .................................................................... 8

*Espinosa v. United Student Aid Funds, Inc.*,
  553 F.3d 1193 (9th Cir. 2008), *aff'd*, 559 U.S. 260 (2010) ...................................... 20

*Fehlen v. Accellion, Inc.*,
  No. 21-cv-01353 (N.D. Cal.) ................................................................................. 15

*Garner v. State Farm Mut. Auto. Ins. Co.*,
  No. CV 08 1365 CW EMC, 2010 WL 1687832 (N.D. Cal. Apr. 22, 2010) ........................... 17

*Gordon v. Chipotle Mexican Grill, Inc.*,
  No. 17-cv-01415-CMA-SKC, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) ......................... 13

*Green-Cooper v. Brinker Int'l, Inc.*, 7
  3 F.4th 883 (11th Cir. 2023) ................................................................................. 14

*Hammond v. The Bank of N.Y. Mellon Corp.*,
  No. 08 Civ. 6060 (RMB) (RLE), 2010 WL 2643307 (S.D.N.Y. June 25, 2010) .................. 13

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) .................................................................. 8

*In re Anthem, Inc. Data Breach Litig.*,
 No. 5:15-md-02617 (N.D. Cal. Aug. 15, 2018) ..................................... 15

*In re Bluetooth Headset Prods. Liab. Litig.*,
 654 F.3d 935 (9th Cir. 2011) ........................................................ 6-8, 12

*In re LinkedIn User Priv. Litig.*,
 309 F.R.D. 573 (N.D. Cal. 2015) ............................................................ 15

*In re Target Corp. Customer Data Sec. Breach Litig.*,
 MDL No. 14-2522, 2017 WL 2178306 (D. Minn. May 17, 2017)............ 15

*In re The Home Depot, Inc. Customer Data Sec. Breach Litig.*,
 No. 1:14-MD02583, 2016 WL 6902351 (N.D. Ga. Aug. 23, 2016) ........ 15

*In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
 295 F.R.D. 438 (C.D. Cal. 2014) ............................................................ 18

*In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
 266 F. Supp. 3d 1, 19 (D.D.C. 2017), *rev'd in part*, 928 F.3d 42 (D.C. Cir. 2019) ................ 13

*In re: Capital One Consumer Data Breach Litigation*,
 MDL No. 1:19md2915 .............................................................................. 15

*Leonardo's Pizza by the Slice, Inc. v. Wal–Mart Stores, Inc.*,
 544 U.S. 1044 (2005)................................................................................. 9

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234 (9th Cir. 1998) ........................................ 13, 16

*Mullane v. Central Hanover Bank & Trust Co.*,
 339 U.S. 306 (1950)................................................................................. 19

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523
 (C.D. Cal. 2004).................................................................................. 9, 17

*Norton v. Maximus, Inc.*,
 No. 1:14-0030 WBS, 2017 WL 1424636 (D. Idaho Apr. 17, 2017) ....... 17

*Paz v. AG Adriano Goldschmeid, Inc.*, N
 o. 14CV1372DMS(DHB), 2016 WL 4427439 (S.D. Cal. Feb. 29, 2016)............... 14

*Phillips Petroleum Co. v. Shutts*,
 472 U.S. 797 (1985)................................................................................. 19

*Rausch v. Hartford Fin. Servs. Grp.*,
 No. 01-cv-1529-BR, 2007 WL 671334 (D. Or. Feb. 26, 2007) .............. 21

*Smith v. Triad of Ala., LLC*,
   No. 1:14-CV-324-WKW, 2017 WL 1044692 (M.D. Ala. Mar. 17, 2017), *on reconsideration in part*, 2017 WL 3816722 (M.D. Ala. Aug. 31, 2017)............................................................ 14

*Solano v. Kroger Co.*,
   No. 3:18-cv-01488-AR, 2024 U.S. Dist. LEXIS 160116 (D. Or. July 16, 2024)...................... 8

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ................................................................................................ 11

**Other Authorities**

4 Newberg on Class Actions
   (4th ed. 2002)..................................................................................................................... 7, 17

Manual For Complex Litigation
   (Third)(1995) ......................................................................................................................... 9

**Rules**

Federal Rules of Civil Procedure ........................................................................4-9, 11, 12, 18-21

## LR 7-1 CERTIFICATION

Defendant, ETZ Hayim Holdings S.P.C., d/b/a Lazarus Naturals, does not oppose this motion.

## MOTION

Plaintiffs Deborah Cimino and Conor Mancone, the Court-appointed Class Representatives, respectfully move the Court for an order:

1. Granting final approval of the Parties' Settlement Agreement;

2. Certifying the class for settlement purposes;

3. Overruling the objection to the Settlement;

4. Excluding Class Members who timely requested to be excluded;

5. Directing Defendant to pay the settlement amount of $300,000 into a common fund held by Simpluris, Inc. ("Simpluris") in trust;

6. Directing Simpluris to distribute all funds or amounts pursuant to the Settlement Agreement or by Court order, including payments to Class Members, Representative Plaintiffs, and Class Counsel; and

7. Dismissing this case.

In support of this motion, Plaintiffs submit the following memorandum and the Declaration of Mason A. Barney.

## I. INTRODUCTION

On June 18, 2024, the Court granted preliminary approval of the Settlement between Plaintiffs and Defendant ETZ Hayim Holdings, S.P.C. d/b/a Lazarus Naturals ("ETZ" or "Defendant"), and ordered that notice be given to the Class. Doc. 21.

The Settlement provides a favorable result for the Settlement Class in the form of two components: (1) a $300,000.00 non-reversionary Settlement Fund, from which Settlement Relief

will be provided to participating Settlement Class Members, and (2) remedial measures that ETZ has voluntarily taken on to adequately secure its systems and environments presently and in the future.

The Parties reached this Settlement—providing meaningful benefits for the Settlement Class—only after an extensive investigation and hard-fought, arm's-length negotiations. Although Plaintiffs believe in the merits of their claims, Defendant denies all charges of wrongdoing or liability. Plaintiffs' claims involve the intricacies of data security litigation (a fast-developing area in the law), and Plaintiffs would face risks at each stage of litigation. In addition, Plaintiffs perceive a risk that if they obtained a judgment against ETZ there is a chance that they would not be able to collect on that judgment given the condition of the company.  Against these risks, Class Counsel and Plaintiffs believe that the Settlement reached by the parties is the best settlement that could be achieved.

After this Court granted preliminary approval, the Settlement Administrator—with the help of the Parties—disseminated Notice to the Settlement Class as set forth in the Settlement Agreement. Individual Notice was provided directly to Settlement Class Members via email or first-class mail. Direct Notice reached 99.78% of the Class, easily meeting the due process standard. *See* Admin Declaration, attached hereto as **Exhibit 1**, ¶ 12. The Notice was written in plain language, providing each Settlement Class Member with information on how to make a claim, how to opt-out, and how object to the Settlement. *Id*. ¶ 6. Out of 42,020 Class Members, no Class Member has sought to be excluded from the Settlement, and only one Class Member has filed an objection to the Settlement (*Id*. ¶ 17), though that single objection is invalid because it failed to meet the objection requirements set forth in the Settlement Agreement and it does not take issue with the Settlement at all, as further set forth in Section VI.C.8 below.

On September 11, 2024, the Court granted Plaintiffs' request for attorneys' fees, expenses, and service awards. Doc. 23. Plaintiffs now respectfully request that the Court grant final approval of the Settlement.

## II. FACTS AND PROCEDURAL HISTORY

In the interest of efficiency, for factual and procedural background on this case, Plaintiffs refer this Court to, and hereby incorporate, Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support filed on June 14, 2024. Doc. 20.

## III. SUMMARY OF SETTLEMENT

Under the Settlement, all Class Members are eligible to submit a claim to receive one or more of the following categories of Settlement relief, which shall be paid or funded out of the Settlement Fund:

*Pro Rata* Cash Payments: All Settlement Class Members who submit a claim are eligible to receive a *pro rata* portion of the Settlement Fund, the amount of which will be determined by the number of claims submitted. S.A. § 2.2(a).

Reimbursement of Out-of-Pocket Losses: Settlement Class Members may also submit a Claim for reimbursement of documented out-of-pocket losses incurred as a result of the Data Breach, up to a maximum of $5,000.00 per Settlement Class Member. *Id.* § 2.2(b).

In addition, the Settlement requires Defendant to implement and/or maintain remedial data security improvements and business practice changes designed to help protect Defendant from a future data breach. *Id*. § 2.4. The total cost of such remedial measures will be incurred by Defendant as a result of this Action and pursuant to the terms of the Settlement reached by the Parties, to be paid by Defendant separate and apart from the Settlement Fund. All Settlement Class Members will benefit from these business practice changes, and remedial measures aimed at

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 3

preventing further unauthorized access to their sensitive personal information entrusted to ETZ. ETZ has provided confirmatory discovery to Plaintiffs' Counsel of the changes made. *Id.* § 2.5.

Pursuant to the Settlement, ETZ also paid for the costs of class notice and settlement administration from the Settlement Fund, as well as for attorneys' fees, reimbursement of litigation expenses, and service awards to Plaintiffs, as approved by the Court. *Id*. §§ 2.6, 8.

## IV. ADMINISTRATION OF THE SETTLEMENT

This Settlement was administered by Simpluris, a class action administrator located in Costa Mesa, California. *See* Admin Decl. ¶ 2. Established in 2007, Simpluris has administered over 9,000 cases nationwide, with class sizes ranging from a few hundred to over one million class members. *Id*. As outlined in detail in the Settlement Administrator's supporting declaration, the notice plan and its execution satisfied all the requirements of Rule 23(c). *Id*. ¶ 6. On July 2, 2024, Counsel for Defendant provided Simpluris with the Class List containing 42,437 known Settlement Class members' names, email addresses, and mailing addresses. *Id*. ¶ 7. Upon receipt of the Class List, Simpluris "scrubbed" the data to ensure it was in proper format for distributing the Notice via U.S. Mail. *Id*. ¶ 8. In an effort to ensure that the Notice would be delivered to class members, Simpluris compared the address data against the United States Postal Service ("USPS") National Change of Address ("NCOA") database and updated the data to a Settlement-specific database with the changes received from NCOA. *Id*. Following this data scrub, Simpluris removed 324 duplicative records from the Class list, resulting in 42,113 unique Settlement Class Member records in the database. *Id*. Simpluris also ran the emails through a validity checker, resulting in 38,086 email addresses determined to be "valid". *Id*. ¶ 9.

On July 18, 2024, Simpluris emailed a Short Form Notice ("Email Notice") to the email addresses available members in the Class List. After accounting for emails that "bounced-back," an email notice was successfully delivered to at least one email address for 38,007 Class Members.

*Id*. Simpluris further mailed 4,027 Postcard Notices via first-class mail. *Id*. ¶ 10. Robust efforts were made to determine forwarding addresses for returned mail, and to re-mail notices to good addresses via first class mail. *Id*. As of October 28, 2024, 261 Postcard Notices were returned by the post office. *Id*. ¶ 11. For the Postcard Notices returned without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis. *Id.* Simpluris used the Class Member's name and previous address to locate a more current address. Of the 261 returned Postcard Notices, 168 Postcard Notices were re-mailed to either a newfound address or with forwarding addresses provided by USPS. The remaining 93 Postcard Notices were undeliverable because no other address was available. *Id*.

After all emails and first-class mailings, Simpluris reasonably believes that notice reached 42,020 of the 42,113 persons to whom the Postcard Notice was emailed or first-class mailed, which equates to a reach rate of the direct mail notice of approximately 99.78%. *Id*. ¶ 12.

## V. LEGAL STANDARD

Plaintiffs bring this motion pursuant to Federal Rules of Civil Procedure Rule 23(e), under which a class action may not be settled without final approval of the Court. In determining whether to finally approve a class action settlement, courts must first determine that the settlement class, as defined by the parties, is certifiable under the standards of Rule 23(a) and (b). This Court has considered and granted preliminary approval of class certification. Doc. 21. For the same reasons described in Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement (Doc. 20), this Court should certify the class for purposes of final approval of the settlement.

Next, for a settlement to be approved under Rule 23(e)(2), the Court must determine that the settlement is fair, adequate, and reasonable. In making this determination, the Court must consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

> (i) the costs, risks, and delay of trial and appeal;

> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

> (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. Rule 23(e)(2).

Fed. R. Civ. P. Rule 23(e)(2)

In addition to the Rule 23(e)(2) factors, when evaluating a class action settlement courts in the Ninth Circuit look to nine factors referred to as the "*Bluetooth* Factors": (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; (8) the reaction of the class members to the proposed settlement; and (9) whether the settlement is a product of collusion among the parties. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

## VI. ARGUMENT

Federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v.*

*City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); 4 Newberg on Class Actions § 11.41 (4th ed. 2002) (citing cases). Here, with a strong settlement that enjoys robust support from the Settlement Class, and to which there is no opposition, the Court should grant final approval to this settlement.

### A.     The Settlement Satisfies Rule 23(a)

When assessing the parties' settlement, the Court should first confirm that the underlying settlement class meets the requirements of Rule 23(a). *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Those requirements are numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a).

As set forth in Plaintiffs' Motion for Preliminary Approval, each of these requirements is easily met here. Doc. 20 at 9-12. Indeed, in the Preliminary Approval Order, the Court preliminarily certified the Settlement Class, finding that the Class satisfies all Rule 23 requirements. Doc. 21. Nothing has changed since then that could conceivably undermine class certification. Accordingly, Plaintiffs respectfully request that the Court finally certify the Settlement Class for Settlement purposes.

Specifically, Plaintiffs request this Court find that the Rule 23(e)(2) factors were satisfied including that the Class was adequately represented by Class Representatives and Class Counsel, that the Settlement was negotiated at arms-length, that the relief is adequate under Rule23(e)(2)(c), that the proposed Settlement treats class members equally, and the *Bluetooth* Factors are satisfied here. Further, Plaintiffs request this Court find the Notice program was adequate and complied with the requirements of Rule 23.

///

**B.**    **The Settlement Satisfies All the Rule 23(e)(2) Factors**

**1.**    **The Class Was Adequately Represented**

"To satisfy the adequacy requirement, Plaintiff must show that she and her counsel will fairly and adequately represent the class." *Doe v. Mindgeek United States Inc*., 702 F. Supp. 3d 937, 947 (C.D. Cal. 2023)(granting contested class certification motion). "'Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Id.* (quoting *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998)).

Here, the Class Representatives have the same interests as all other Settlement Class Members because they are asserting the same claims and share the same injuries. *Mindgeek United States Inc*., 702 F. Supp. 3d at 947 ("because Plaintiff's claims are consistent with those of the class members, she has every reason to vigorously pursue those claims and fairly and adequately represent the class"). As detailed in Class Counsel's resume, they have many years of experience representing plaintiffs in class action litigation, and especially in the data breach area.  Dkt. 22-1, Ex. A (Resume of Class Counsel). Further, the Court already acknowledged Class Counsel's experience and qualifications in preliminarily appointing them as Settlement Class Counsel, the record shows Class Counsel worked diligently to bring this case to resolution, and the one objection raised no issue with either Class Counsel or Class Representatives' adequacy. *See* Order Granting Preliminary Approval, Doc. 21; *see also Solano v. Kroger Co*., No. 3:18-cv-01488-AR, 2024 U.S. Dist. LEXIS 160116, at *28 (D. Or. July 16, 2024) (finding that the adequacy prong was satisfied where counsel worked diligently on behalf of the class and no party objected to their adequacy).

### 2.    The Settlement was Negotiated at Arm's Length

The negotiations in this matter were hard fought, involved experienced mediator, Hon. Wayne Andersen (Ret.) of JAMS, and occurred at arm's length. *See* Declaration of Mason A. Barney, ("Barney Decl."), ¶¶ 6-7. Settlements negotiated by experienced counsel that result from arm's-length negotiations are presumed to be fair, adequate and reasonable. *See Leonardo's Pizza by the Slice, Inc. v. Wal–Mart Stores, Inc.*, 544 U.S. 1044, (2005) (a "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." (quoting Manual For Complex Litigation (Third) § 30.42 (1995)). This deference reflects the knowledge that vigorous negotiations between seasoned counsel protect against collusion and advance the fairness consideration of Rule 23(e).

### 3.    The Relief is Adequate under Rule 23(e)(2)(C)

The relief offered to Class Members in the proposed Settlement, *i.e.,* reimbursement, a *pro rata* cash distribution, and practice changes at Defendant, addresses the types of repercussions and injuries arising from the Data Breach and is more than adequate under the factors outlined in Rule 23(e)(2)(C).

Class Counsel, who have significant experience in leading major data breach class actions, strongly believe that the relief is fair, reasonable, and adequate. The Court may rely upon such experienced counsel's judgment. *See, e.g., Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("[T]he trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.").

///

///

### i.    *The Costs, Risks, and Delay of Trial and Appeal*

As outlined in the preliminary approval motion and motion for attorneys' fees, Plaintiffs faced significant risks and costs should they have continued to litigate the case. First, there was a risk that Plaintiffs' claims would not have survived, or survived in full, on a class-wide basis after a motion to compel arbitration, motion to dismiss, motion for class certification, motions for summary judgment, and Daubert motions on damages methodologies, among other motions. Second, if Plaintiffs prevailed on a motion to compel arbitration, motion to dismiss, and/or motion for class certification, successfully defeated all the other objections and motions Defendant filed, and proceeded to trial, Plaintiffs still would have faced significant risk, cost, and delay including likely interlocutory and post-judgment appeals. Finally, Defendant is a small company with very modest revenues. Barney Decl. ¶ 5. Moreover, through informal discovery, Proposed Class Counsel were informed that ETZ has no insurance policy applicable to the Data Breach. *Id*. Due to market factors impacting ETZ's business, along with the lack of an insurance policy applicable to the litigation, it was highly uncertain what ability (if any) ETZ would have to fund a larger recovery for Plaintiffs and the Class.

In contrast to the risk, cost, and delay posed by proceeding to trial, the proposed Settlement provides certain, substantial, and immediate relief to the proposed Settlement Class. It ensures that Settlement Class Members with valid claims for Out-of-Pocket Losses or Cash Payments will receive guaranteed compensation now. The substantial costs, risk, and delay of a trial and appeal support a finding that the proposed Settlement is adequate.

### ii.    *The Method of Distributing Relief is Effective*

The proposed distribution process will be efficient and effective. The available relief is detailed clearly in the Notice, which was provided to all Settlement Class Members laying out the

benefits to which they are entitled, including benefits provided regardless of whether a Settlement Class Member files a claim. Admin Decl. ¶ 6 at Ex. C, thereto.

Noticing the Settlement Class of the available relief was efficient and effective. Notice included dissemination of individual notice by email and direct mail, in the form of the Short Form postcard notice. This direct mail notice reached approximately 99.78% of the Class. *Id*. ¶ 12. Therefore, Settlement Class Members received effective and efficient notice of the relief offered. Because Settlement Class Members were able to make claims through a simple online form or by mail, the method of distributing the relief on a *pro rata* basis was both efficient, effective and fair, and the proposed Settlement is adequate under this factor.

### iii.    *The Terms Relating to Attorneys' Fees are Reasonable*

Pursuant to the Settlement Agreement, Class Counsel requested, and this Court granted $75,000.00 in attorneys' fees (which represents 25% of the Settlement Consideration) and reimbursement for litigation expenses of $17,491.35. Because the Court already found this request to be on par with awards routinely granted by courts in the Ninth Circuit, this factor supports final approval of the proposed Settlement. *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002) (recognizing that 25% attorneys fees in a common fund settlement is the benchmark in the Ninth Circuit).

### iv.    *Any Agreement Required to be Identified Under Rule 23(e)(3)*

Apart from the Settlement Agreement, there are no additional agreements between the Parties or with others made in connection with the Settlement.

### 4.    The Proposed Settlement Treats Class Members Equally

The Settlement Class Members are treated equitably because they all have similar claims arising from the same Data Breach, and they all are treated the same under the Settlement. Fed. R.

Civ. P. 23(e)(2)(D). All Settlement Class Members are eligible to claim the various benefits provided by the Settlement, including compensation for Out-of-Pocket Losses or a *pro rata* cash payment. Accordingly, the factors under Rule 23(e) support final approval. As discussed below, the *Bluetooth* factors are similarly satisfied.

### C.    The Settlement Satisfies All of the *Bluetooth* Factors

#### 1.    The Strength of Plaintiffs' Case

Plaintiffs believe they have a strong case for liability. As described in Plaintiffs' Motion for Preliminary Approval, Plaintiffs believe their claims are viable and that they have a good chance of proving that ETZ's data security was inadequate, which could lend itself to a finding that Defendant was liable under at least some of the theories Plaintiffs pled in their complaint, especially considering much of the information involved was stored in an unencrypted manner. Dkt. 19 ¶ 1. Even so, Plaintiffs acknowledge their success is not guaranteed. It is "plainly reasonable for the parties at this stage to agree that the actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more favorable results through full adjudication." *Dennis v. Kellogg Co.*, No. 09-cv-1786-L(WMc), 2013 WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013). "Here, as with most class actions, there was risk to both sides in continuing towards trial. The settlement avoids uncertainty for all parties involved." *Chester v. TJX Cos.*, No. 5:15-cv-01437-ODW(DTB), 2017 WL 6205788, at *6 (C.D. Cal. Dec. 5, 2017). However, given the heavy obstacles and inherent risks Plaintiffs face with respect to the novel claims in data breach class actions, including class certification, summary judgment, and trial, the substantial benefits the Settlement provides favors final approval of the settlement. *Id*.

///

///

**2.      Risk, Expense, Complexity, and Duration of Further Litigation**

Although Plaintiffs believe their case has merit, they recognize that all cases are subject to substantial risk. This case involves: a proposed class of approximately roughly 42,020 individuals (each of whom, ETZ has argued, would need to establish cognizable harm and causation); a complicated and technical factual background; and a motivated Defendant.

And even though nearly all class actions involve a high level of risk, expense, and complexity—undergirding the strong judicial policy favoring amicable resolutions, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)—this is an especially complex class in an especially risky arena. As one federal district court observed in finally approving a settlement with similar class relief: Data breach litigation is evolving; there is no guarantee of the ultimate result. *See Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases ... are particularly risky, expensive, and complex."). Data breach cases face substantial hurdles in surviving even the pleading stage. *See, e.g., Hammond v. The Bank of N.Y. Mellon Corp.*, No. 08 Civ. 6060 (RMB) (RLE), 2010 WL 2643307, at *1 (S.D.N.Y. June 25, 2010) (collecting cases). Even cases of similar notoriety and implicating data far more sensitive than at issue here have been found wanting at the district court level. *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 266 F. Supp. 3d 1, 19 (D.D.C. 2017) ("The Court is not persuaded that the factual allegations in the complaints are sufficient to establish . . . standing."), *rev'd in part*, 928 F.3d 42 (D.C. Cir. 2019) (holding that plaintiff had standing to bring a data breach lawsuit).

To the extent the law has gradually accepted this relatively new type of litigation, the path to a class-wide monetary judgment remains unforged, particularly in the area of damages. For now, data breach cases are among the riskiest and most uncertain of all class action litigation, making

settlement the more prudent course when a reasonable one can be reached. The damages methodologies, while theoretically sound in Plaintiffs' view, remain untested in a trial setting and unproven in front of a jury. And as in any data breach case, establishing causation on a class-wide basis is rife with uncertainty.

Moreover, because ETZ is a small company with limited financial resources, there was substantial risk that continued litigation would further deplete the already limited resources available to fund a recovery for the Class. *See* Barney Decl. ¶ 5.

Each risk itself could impede the successful prosecution of these claims at trial and in an eventual appeal—which would result in zero recovery to the class. "Regardless of the risk, litigation is always expensive, and both sides would bear those costs if the litigation continued." *Paz v. AG Adriano Goldschmeid, Inc.*, No. 14CV1372DMS(DHB), 2016 WL 4427439, at *5 (S.D. Cal. Feb. 29, 2016). Thus, this factor favors final approval.

### 3. The Risk of Maintaining Class Action Status Through Trial

While Plaintiffs' case is still in the pleadings stage, the Court has not certified any class treatment of this case. Absent settlement, class certification in consumer data breach cases has only occurred in a few cases. *See, e.g., Smith v. Triad of Ala., LLC*, No. 1:14-CV-324-WKW, 2017 WL 1044692, at *15 (M.D. Ala. Mar. 17, 2017), *on reconsideration in part*, 2017 WL 3816722 (M.D. Ala. Aug. 31, 2017). Even when certification is granted, there are appeals. *See Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 890 (11th Cir. 2023) (vacating class certification in part and remanding for addition analysis on the predominance element). While certification of additional consumer data breach classes may follow, the dearth of precedent adds to the risks posed by continued litigation.

///

4.     **The Amount Offered in Settlement**

In light of the substantial risks and uncertainties presented by data security litigation generally and this litigation specifically, the value of the Settlement strongly favors approval. The Settlement makes significant relief available to Settlement Class Members in the form of out-of-pocket expense reimbursements up to $5,000 or *pro rata* cash payments, and remedial business practice changes to enhance ETZ's data security. S.A. §§ 2.2, 2.4.

When viewed against other data breach settlements from around the country, the instant Settlement represents a strong result for the Settlement Class because the benefits it offers to the Settlement Class Members are in line with, or exceed, other comparable data breach settlements. When the total fund is divided by the total number of Class Members (a metric frequently relied on by courts to evaluate the fairness of a common fund settlement), the per Class Member value is $7.08.[1] These comparisons are not intended to disparage the settlements achieved in those cases, but to underscore that Plaintiffs have achieved an excellent resolution for the Settlement Class. Indeed, this settlement is a strong result for the Class, and as discussed herein is in line with other approved settlements in cases involving data incidents of similar scope. *See Calderon v. Wolf Firm*,

---

[1] *See, e.g., Fehlen v. Accellion, Inc.*, Case No. 21-cv-01353 (N.D. Cal.) (settlement of $8.1 million for 9.2 million class members who had their Social Security Numbers compromised; $0.90 per class member); *Dickey's Barbeque Restaurants, Inc.*, Case No. 20-cv-3424 (N.D. Tex.), Dkt. 62 (data breach class action involving more than 3 million people that settled for $2.3 million, or $0.76 per person); *In re: Capital One Consumer Data Breach Litigation*, MDL No. 1:19md2915 (AJT/JFA) Doc. 2251 (Memo in Support of Final Approval), page 1 ($190 million common fund settlement for a class of approximately 98 million, or $1.93 per person); *Cochran v. Accellion, Inc., et al.*, No. 5:21-cv-01887 (N.D. Cal.), ECF No. 32 (June 30, 2021) ($5 million settlement fund for 3.82 million class members or approximately $1.31 per member); *Adlouni v. UCLA Health Systems Auxiliary, et al.*, No. BC 589243 (Cal. Super. Ct. June 28, 2019) ($2 million settlement in medical information data breach for approximately 4,500,000 class members; 44 cents per member); *In re Anthem, Inc. Data Breach Litig.*, No. 5:15-md-02617 (N.D. Cal. Aug. 15, 2018) ($115 million settlement in medical information data breach for 79,200,000 class members; $1.45 per member); *In re The Home Depot, Inc. Customer Data Sec. Breach Litig.*, No. 1:14-MD02583, 2016 WL 6902351, at *7 (N.D. Ga. Aug. 23, 2016) and ECF No. 181-2 ¶¶ 22, 38 ($13 million settlement for approximately 40 million class members; 32.5 cents per class member); *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 14-2522, 2017 WL 2178306, at **1- 2 (D. Minn. May 17, 2017) ($10 million settlement for nearly 100 million class members; 10 cents per member); *In re LinkedIn User Priv. Litig.*, 309 F.R.D. 573, 582 (N.D. Cal. 2015) ($1.25 million settlement for approximately 6.4 million class members; 20 cents per member).

No. SACV 16-1622-JLS(KESx), 2018 WL 6843723, at *7-8 (C.D. Cal. Mar. 13, 2018) (comparing class settlement with other settlements in similar cases). In light of the difficulties and expenses Class Members would face pursuing individual claims, and the likelihood that they might be unaware of their claims, this Settlement Amount is appropriate. *See id*. Accordingly, this factor favors approval.

### 5.     The Extent of Discovery Completed and the Stage of the Proceedings

Plaintiffs vigorously and aggressively gathered all of the information that was available regarding ETZ and the Data Breach—including publicly available documents concerning announcements of the Data Breach and notice of the Data Breach to its customers. The parties also informally exchanged non-public information concerning the Data Breach and the size of the Class in order to have an understanding of the scope of this action in settlement discussions. Accordingly, the litigation has proceeded to the point where "the parties have sufficient information to make an informed decision about settlement," including an informed and realistic assessment of the strengths and weakness of their respective cases. *See Linney*, 151 F.3d at 1239.

### 6.     The Experience and Views of Counsel

Class Counsel initiated this lawsuit when ETZ announced the Data Breach, which, based upon publicly available information, potentially impacted many thousands of individuals. Class Counsel have substantial experience litigating complex class cases of various types, including data-related cases such as this one. *See* Barney Decl. ¶ 10; *see also* Doc. 20-1 at Ex. 2 (resume of Class Counsel). Having worked on behalf of the putative class since the Data Breach was first announced, evaluated the legal and factual disputes, and dedicated significant time and monetary resources to this litigation, proposed Class Counsel fully endorse the Settlement. A great deal of weight is accorded to the recommendation of counsel, who are most closely acquainted with the

facts of the underlying litigation. *See, e.g., Norton v. Maximus, Inc.*, Case No. 1:14-0030 WBS, 2017 WL 1424636, at \*6 (D. Idaho Apr. 17, 2017); *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004). Thus, this factor supports approval.

### 7. Governmental Participants

There is no governmental participant in this matter, making this factor neutral.

### 8. The Positive Reaction of the Class Favors Final Approval

The reaction of the Settlement Class to this Settlement is largely positive. The deadline to object or opt out of the settlement was September 16, 2024. Out of a total of 42,020 Class Members who received direct notice, no Class Member sought exclusion and only one Class Member has attempted to object to any aspect of the Settlement. *See* Admin Decl. ¶¶ 16-17. The objection is discussed in detail below, however, because it was improperly submitted and does not take issue with any aspect of the actual settlement, it should not be considered when evaluating the Class's reaction to the Settlement. *Id.* ¶ 17. In contrast, as of October 28, 2024, the Settlement Administrator received 544 Claims from Class Members seeking to receive Settlement benefits. *Id.* ¶ 18.

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); 4 Newberg on Class Actions § 11:48 ("Courts have taken the position that one indication of the fairness of a settlement is the lack of or small number of objections."). The fact that only one Class Member even tried to submit an objection reflects a highly positive response by the Settlement Class. *See, e.g., Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW EMC, 2010 WL 1687832, at \*14 (N.D. Cal. Apr. 22, 2010) (finding that only one

objector to settlement and fee request represented an "overwhelmingly positive" response from the class of 24,358 members); *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) ("The negligible number of opt-outs and objections indicates that the class generally approves of the settlement.").

As to the lone objection received, which is attached hereto as **Exhibit 2**, it should be overruled. Objections are evaluated to determine if a settlement lacked fairness or adequacy or was the result of collusion. An objection must state whom it applies to and "state with specificity the grounds for the objection." Fed. R. Civ. P. 23(e)(5)(A). "[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness." *Id*.; *see also id*. at 1025–26 (noting favorably that less than 0.1% of class members opted out).

Here, only one individual, Paul G. Ringmacher, submitted an objection to the Settlement, for which he did not properly submit a copy to either Counsel for ETZ or the Settlement Administrator, instead choosing to mail his objection to Class Counsel only. Despite this improper objection, Class Counsel will still recognize his objection.

In his letter of objection, Mr. Ringmacher requests that the Court "reject plaintiff's *complaint* immediately" (emphasis added), rather than that the Court not finally approve the Settlement. He makes this request on the basis that Defendant is "[a] true Patriot Company[,]" engages in "ethical behavior with both customers and the environment," and "no financial or other harm was caused to myself" as a result of the Data Breach. While Plaintiffs do not dispute that Defendant is likely an ethical company and patriotic, Mr. Ringmacher's objection fails to, in any way, challenge or contradict the fairness, reasonableness, and adequacy *of the Settlement*. Mr. Ringmacher's letter merely takes issue with the idea of anyone suing based on a data breach

involving payment card information, which is, of course, not valid grounds upon which to object to a proposed class action settlement. Furthermore, Mr. Ringmacher's letter ignores the very real harms alleged to have been suffered by Plaintiffs as a result of the Data Breach, including, without limitation, fraudulent charges; damage to and diminution in the value of their PII, a form of property that Defendant obtained from Plaintiffs; violation of their privacy rights; loss of the benefit of the bargain, and imminent and impending injury arising from the increased risk of identity theft and fraud. *See* Amended Class Action Complaint, Doc. No. 19, ¶¶ 91, 102-103. For these reasons, Mr. Ringmacher's objection should be overruled and the Settlement finally approved.

### 9.  Lack of Collusion Among the Parties

The parties negotiated a substantial, multifaceted Settlement, as described above. Class Counsel and ETZ's counsel are well-versed in handling data-related class actions such as this one and fully understand the values recovered in similar cases, and both parties were provided with ample amounts of informal discovery to better understand the posture and value of this instant action. Furthermore, the parties reached the settlement only after a full-day mediation, and months of negotiations. Therefore, the Court can be assured that the negotiations were not collusive.

### VII. NOTICE SATISFIED DUE PROCESS AND RULE 23

To satisfy due process, notice to class members must be the best practicable, and reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Fed. R. Civ. P. 23(e); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Notice provided to the class must be sufficient to allow class members "a full and fair opportunity to consider the proposed decree and develop a response." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). While individual notice should be provided where class members can be located and identified through

reasonable effort, notice may also be provided by U.S. Mail, electronic mail or other appropriate means. Fed. R. Civ. P. 23(c)(2)(B).

Here, the parties utilized both electronic mail notice, and direct mail notice for those unreachable by electronic mail, which has been approved in other class actions in this District. *See Barker v. CDR Maguire, Inc.*, No. 6:21-cv-01720-AA, 2022 WL 1799812 at *12 (D. Or. June 2, 2022) ("The Court authorizes Plaintiffs, or a third-party class administrator if one is engaged, to distribute by regular mail and/or electronic mail, notice of this action to prospective collective action members[.]"). The Notice adequately informed Settlement Class Members of the nature of the action, the definition of the class, the claims at issue, the ability of a class members to object or exclude themselves and/or enter an appearance through an attorney, and the binding effect of final approval and class judgment. The Notice utilized clear and concise language that is easy to understand and organized the Notice in a way that allowed Class Members to easily find any section that they may be looking for. Thus, it was substantively adequate. *See Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1202 (9th Cir. 2008), *aff'd*, 559 U.S. 260 (2010) ("The standard for what amounts to constitutionally adequate notice, however, is fairly low; it's 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection.'").

As outlined in detail in the Settlement Administrator's supporting declaration, the notice plan and its execution satisfied all the requirements of Rule 23(c). On July 18, 2024, Simpluris emailed 4,027 Postcard Notices via first-class mail. Admin Decl. ¶ 10. Robust efforts were made to determine forwarding addresses for returned mail, and to re-mail notices to good addresses via first class mail. *Id*. After all emails and first-class mailings, Simpluris reasonably believes that notice reached 42,020 of the 42,113 persons to whom the Postcard Notice was emailed or first-

class mailed, which equates to a reach rate of the direct mail notice of approximately 99.78%. *Id.* ¶ 12. This reach exceeds other court-approved, best practicable notice programs and Federal Judicial Center Guidelines, which state that a notice plan that reaches over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign. *See Rausch v. Hartford Fin. Servs. Grp.,* No. 01-cv-1529-BR, 2007 WL 671334 (D. Or. Feb. 26, 2007) (Finally approving Class Action Settlement with notice reaching 92% of the Class.)

Also, the dedicated Settlement Website, www.ETZDataBreachSettlement.com, "went live" on May 17, 2024. Admin Decl. ¶ 13. Simpluris also established a toll-free telephone number for Settlement Class Members to call and obtain additional information about the Settlement. *Id.* ¶ 14. Thus, Notice here was robust, effective, and met all due process requirements, as well as the requirements of Rule 23(c). This weighs in favor of final approval as well.

## VIII. CONCLUSION

Plaintiffs negotiated a fair, adequate and reasonable Settlement that guarantees Settlement Class Members the opportunity to claim significant benefits. For the reasons discussed above, and for those described in Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 20) and Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (Doc. 22), Plaintiffs respectfully request this Court enter the proposed Final Approval Order, finally certify the Settlement Class, appoint Settlement Class Counsel and Plaintiffs as representatives for the Class, and grant final approval of this Settlement.

DATE: October 29, 2024                          Respectfully Submitted,

                                                */s/ Paul B. Barton*
                                                Paul Barton, OSB No. 100502
                                                **OLSEN BARTON LLC**
                                                4035 Douglas Way Suite 200
                                                Lake Oswego, OR 97035
                                                Phone: (503) 836-7175
                                                Email: Paul@olsenbarton.com

Mason A. Barney
Tyler J. Bean
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (646) 357-1732
mbarney@sirillp.com
tbean@sirillp.com

*Attorneys for Plaintiffs and the Putative Class*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 6,288 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

# EXHIBIT 1

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DEBORAH CIMINO and CONOR MANCONE, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>ETZ HAYIM HOLDINGS, S.P.C., d/b/a LAZARUS NATURALS,<br><br>    Defendant. | Case No.: 3:23-cv-01185-JR<br><br>**DECLARATION OF ANNE-MARIE MARRA OF SIMPLURIS REGARDING NOTICE AND SETTLEMENT ADMINISTRATION** |

I, ANNE-MARIE MARRA, declare as follows:

1. I am employed as a Program Manager by Simpluris, Inc. ("Simpluris"), the claims administrator in the above-entitled action. Our corporate office address is 3194-C Airport Loop Dr., Costa Mesa, CA 92626. I am over twenty-one years of age and authorized to make this declaration on behalf of Simpluris and myself. I have personal knowledge of the information set forth herein.

2. Simpluris is a class action administrator located in Costa Mesa, California. Established in 2007, Simpluris has administered over 9,000 cases nationwide, with class sizes ranging from a few hundred to over one million class members. Representative cases include: *Myart v. AutoZone, Inc.* and *Aceves v. AutoZone, Inc.* (US District Court, CA Central Division) (208,050 class members), *Diaz v. SeaWorld* (Superior Court of the State of California) (1,281,123 class members), and *Woods v. Vector Marketing* (US District Court, Northern District of California) (194,500 class members).

3. Simpluris was approved by Counsel for both Parties and appointed by the Court in the Preliminary Approval Order entered on June 18, 2024, to provide settlement administration services in this settlement. In this capacity, Simpluris was charged with the following:

a.  Establishing and maintaining a settlement-specific website (www.ETZDataBreachSettlement.com);

b.  Establishing and maintaining a settlement-specific toll-free phone number (844-804-2567), offering the opportunity to listen to frequently-asked questions;

c.  Establishing a P.O. Box to receive undeliverable Notices, paper Claim Forms, requests for exclusion, objections to the proposed settlement, and any other correspondence submitted by Settlement Class members;

d.  Emailing, or printing and mailing, as needed, a Short Form Notice to known Settlement Class members;

e.  Receiving and processing Settlement Class Members' requests for exclusion from the proposed settlement and objections to the proposed settlement;

f.  Receiving, processing, and validating Settlement Class Members' Claim Forms, whether submitted online or by mail;

g.  Processing and issuing payments via check or electronic payment to eligible Settlement Class Members, and sending payments to the Settlement Class Representative(s) and Settlement Class Counsel;

h.  Providing counsel for the Parties with weekly status reports; and

i.  Other tasks as the Parties mutually agree or the Court orders Simpluris to perform.

## CAFA NOTIFICATION

4.      On July 3, 2024, pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C.A. § 1715, Simpluris completed a mailing that informed the appropriate state and federal Attorneys General about the Settlement.  Attached hereto as **Exhibit A** is a true and correct copy of the letter sent to the Attorneys General and the list of recipients.

## MAILED AND EMAILED NOTICE

5.      Pursuant to the Preliminary Approval Order, Simpluris formatted the Short Form

Notice, Claim Form, and Long Form Notice to be sent by email or mail, as needed. The Long Form Notice and Claim Forms were formatted to be made available on the Settlement website.

6.      The Notices advised Settlement Class members of their right to make a claim, request exclusion from the settlement, object to the settlement, or do nothing, and the implications of each such action. The Notices also advised Settlement Class members of applicable deadlines and other events, including the Final Approval Hearing, and how Settlement Class members could obtain additional information.

7.      On July 2, 2024, Counsel for Defendant provided Simpluris with the Class List containing 42,437 known Settlement Class members' names, email addresses, and mailing addresses.

8.      Upon receipt of the Class List, Simpluris "scrubbed" the data to ensure it was in proper format for distributing the Notice via U.S. Mail. In an effort to ensure that the Notice would be delivered to class members, Simpluris compared the address data against the United States Postal Service ("USPS") National Change of Address ("NCOA") database and updated the data to a Settlement-specific database with the changes received from NCOA. Following this data scrub, Simpluris removed 324 duplicative records from the Class list, resulting in 42,113 unique Settlement Class Member records in the database.

9.      Simpluris also ran the emails through a validity checker, resulting in 38,086 email addresses determined to be "valid". On July 18, 2024, Simpluris emailed a Short Form Notice ("Email Notice") to the email addresses available members in the Class List. After accounting for emails that "bounced-back," an email notice was successfully delivered to at least one email address for 38,007 Class Members. Attached hereto as **Exhibit B** is the Email Notice sent to Class Members.

10.     On July 18, 2024, Simpluris mailed the Short Form Notice ("Postcard Notice") to the 4,027 Settlement Class Members in the Class List with complete mailing addresses who did not have a valid email address on file. On August 2, 2024, Simpluris mailed the Postcard Notice to the 79 Settlement Class Members whose Email Notice had returned as undeliverable. Attached

hereto as **Exhibits C through E** are true and correct copies of the Postcard, Long Form Notice, and Claim Form, respectively.

11.    As of October 28, 2024, 261 Postcard Notices were returned by the post office. For the Postcard Notices returned without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis.  Simpluris used the Class Member's name and previous address to locate a more current address.  Of the 261 returned Postcard Notices, 168 Postcard Notices were re-mailed to either a newfound address or with forwarding addresses provided by USPS.  The remaining 93 Postcard Notices were undeliverable because no other address was available.

12.    As of October 28, 2024, Simpluris successfully delivered either a Postcard Notice or an Email Notice to 42,020 of the 42,113 total Settlement Class Members, representing 99.78% of the Settlement Class.

## WEBSITE AND TELEPHONE NUMBER

13.    Simpluris    prepared    and    maintains    a    Settlement    website, www.CirclesofCareDataSettlement.com, that includes important dates and deadlines, and Settlement-related documents, such as the Settlement Agreement.  An online Claim Form module has also been active during the Claim Period.  The website has been available to the public since May 17, 2024.  As of October 28, 2024, the website has been visited by 11,151 unique visitors with 23,320 page views.

14.    A settlement specific toll-free telephone number was included in the Postcard Notice and on the Settlement Website for the purpose of allowing the Settlement Class Members to make inquiries regarding the Settlement.  The system is accessible 24 hours a day, 7 days a week, and will remain in operation throughout the settlement process.  Callers have the option to speak with a live call center representative during normal business hours.  The toll-free telephone number included in both forms of the Notice was 833-515-7475.  This number is active and has

been available to the public since May 16, 2024. As of October 28, 2024, the settlement specific toll-free telephone number has received 48 phone calls, with 31 live agent calls.

## REQUESTS FOR EXCLUSION AND OBJECTIONS

15.    The postmark deadline for Settlement Class Members to submit a request for exclusion ("Opt Out") from the proposed Settlement or object to the proposed Settlement was August 15, 2024.

16.    As of October 28, 2024, Simpluris has received zero (0) requests for exclusion from the proposed Settlement from Settlement Class Members.

17.    As of October 28, 2024, Simpluris has received zero (0) objections to the proposed Settlement from Settlement Class Members but is aware of one (1) objection which was received by Class Counsel.

## CLAIM FORMS RECEIVED AND PROCESSED

18.    The deadline for Class Members to submit a Claim Form to Simpluris was October 16, 2024. If a Class Member filed a Claim Form with a curable deficiency, Simpluris mailed the Class Member a notice providing information on how to cure the deficiency and provided 30 days to cure the deficiency. As of October 28, 2024, Simpluris has received 549 Claim Forms. Of those 549 Claim Forms, three (3) were filed after the claim filing deadline and two (2) are deficient and are passed the curable response deadline. The 544 valid and complete claims represent 1.29% of the entire Settlement Class. Of the 2 defective claims:

  a.  One (1) Paper Claim Forms was submitted without a signature and should be rejected in full; and,

  b.  One (1) Paper Claim Form was submitted requesting reimbursement of lost time, but requesting repayment of Out-of-Pocket expenses, but the claimant did not provide documentation that verified the amounts claimed. The claimant also selected both Category A (Documented Loss Payment) and Category B (Cash Award). Claimants were advised that they could request

either Category A or Category B but not both. The claimant's Category A claim is incomplete and should be rejected. The Category B claim is complete and should be accepted.

## ADMINISTRATION COSTS

19.    Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, will be $23,026.

I declare under penalty of perjury that the above is true and correct and that this Declaration was executed this 28th day of October, 2024, in Seatle, Washington.

*Anne-Marie Marra*
_____
ANNE-MARIE MARRA

# EXHIBIT A

**Exhibit 1**
**Page 7 of 35**



Date: July 3, 2024

**Re:**     **Cimino v. ETZ Hayim Holdings, S.P.C.**
         **Case Number: 3:23-cv-01185-JR**
         **Court: United States District Court for the District of Oregon**
         **Notice of Proposed Settlement**

Dear Mr./Madam Attorney General:

Defendant ETZ Hayim Holdings, S.P.C. d.b.a. Lazarus Naturals. provides this notice pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1715. The parties to the above-referenced class action have reached a proposed class settlement regarding all persons in the United States whose information may have been impacted in the Data Incident that occurred between March and June 2023, including persons to whom ETZ mailed a notification that their information may have been impacted in the Data Incident. Settlement Class Members can make a claim for reimbursement of documented losses incurred as a result of the Data Incident, and ETZ has implemented or will implement certain reasonable steps to enhance the security of its systems and environments presently and in the future.

Pursuant to 28 U.S.C. § 1715(b), please visit the website link listed below to view documents which contain of all the necessary information regarding the proposed Settlement. The documents available on the website are listed below.

         **Document Site: https://transfer.simpluris.com/link/Lq1isH0dOUuS2qH5aRBDBs**

         **Available Documents:**      **Exhibit A – Complaint**
                                       **Exhibit B – First Amended Complaint**
                                       **Exhibit C – Settlement Agreement**
                                       **Exhibit D – [Proposed] Preliminary Approval Order**
                                       **Exhibit E – Long Notice**
                                       **Exhibit F – Short Notice**
                                       **Exhibit G – Claim Form**
                                       **Exhibit H – Email Notice**

The Court granted preliminary approval on June 18, 2024, and has scheduled the Final Fairness Hearing for November 12, 2024 at 10 a.m. PST. It is not currently feasible to identify the Class Members who reside in each state at this time nor to estimate the proportionate share of the claims that such members may recover from the total settlement amount.

For additional information about this Settlement, please contact:

| Settlement Administrator: | Class Counsel: | Defense Counsel: |
|---|---|---|
| Simpluris, Inc.<br>3194 Airport Loop Dr., Ste. C<br>Costa Mesa, CA 92663 | Alex Green<br>Paul Barton<br>**Olsen Barton LLC**<br>4035 Douglas Way Suite 200<br>Lake Oswego, OR 97035<br>Phone: (503) 836-7175<br>Email: alex@olsenbarton.com<br>Paul@olsenbarton.com<br><br>Mason A. Barney<br>Tyler J. Bean<br>**SIRI & GLIMSTAD LLP**<br>745 Fifth Avenue, Suite 500<br>New York, New York 10151 | Anthony Copple<br>Scott W. Osborne<br>**Jackson Lewis P.C.**<br>200 SW Market Street, Suite 540<br>Portland, OR 97201<br>Phone (503) 229-0404<br>Email:<br>anthony.copple@jacksonlewis.com<br>Scott.osborne@jacksonlewis.com<br><br>Jackson E. Biesecker<br>**Jackson Lewis P.C.**<br>Park Center Plaza I 6100 Oak Tree Blvd Suite |



| | Tel: (212) 532-1091<br>Email: mbarney@sirillp.com<br>tbean@sirillp.com | 400<br>Cleveland, OH 44131<br>Phone (216) 750-0404<br>Email:<br>Jackson.biesecker@jacksonlewis.com |
|---|---|---|

Materials filed in this action can be obtained through PACER, which is accessible at https://www.pacer.uscourts.gov/file-case/court-cmecf-lookup.

Regards,

Anne-Marie Marra

Program Manager, Client Services

**List of Recipients of CAFA Notice**

| Office Name | Individual Name | Address 1 | Address 2 | City | State | Zip | Method |
|---|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | 1031 West 4th Avenue, Suite 200 | | Anchorage | AK | 99501-1994 | Email |
| Office of the Attorney General | Steve Marshall | 501 Washington Avenue | P.O. Box 300152 | Montgomery | AL | 36130-0152 | Mail |
| Office of the Attorney General | Tim Griffin | 323 Center Street, Suite 200 | | Little Rock | AR | 72201-2610 | Mail |
| Attorney General's Office | Fainu'ulelei Falefatu Ala'ilima-Utu | American Samoa Gov't, Exec. Ofc. Bldg. | Utulei, Territory of American Samoa | Pago Pago | AS | 96799 | Mail |
| Office of the Attorney General | Kris Mayes | 2005 N. Central Avenue | | Phoenix | AZ | 85004-2926 | Mail |
| Office of the Attorney General | Rob Bonta | 1300 I Street, Suite 1740 | | Sacramento | CA | 95814 | Mail |
| | CAFA Coordinator | Office of the Attorney General, Consumer Protection Section | 455 Golden Gate Ave., Suite 11000 | San Francisco | CA | 94102 | Mail |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway, 10th Floor | Denver | CO | 80203 | Mail |
| Office of the Attorney General | William Tong | 165 Capital Avenue | | Hartford | CT | 06106 | Mail |
| Office of the Attorney General | Merrick Garland | U.S. Department of Justice | 950 Pennsylvania Avenue NW | Washington | DC | 20530-0001 | Mail |
| Office of the Attorney General | Brian Schwalb | 400 6th Street NW | | Washington | DC | 20001 | Mail |
| Office of the Attorney General | Kathy Jennings | Carvel State Office Bldg | 820 N. French Street | Wilmington | DE | 19801 | Mail |
| Office of the Attorney General | Ashley Moody | The Capitol PL 01 | | Tallahassee | FL | 32399-1050 | Email |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334-1300 | Mail |
| Office of the Attorney General | Douglas Moylan | ITC Building | 590 S Marine Corps Drive, Ste. 706 | Tamuning | GU | 96913 | Mail |
| Department of the Attorney General | Anne E. Lopez | 425 Queen St | | Honolulu | HI | 96813-2903 | Mail |
| Iowa Attorney General | Brenna Bird | Hoover State Office Bldg | 1305 E.Walnut St. | Des Moines | IA | 50319 | Mail |
| Office of the Attorney General | Raúl Labrador | 700 W. Jefferson Street, Ste. 210 | PO Box 83720 | Boise | ID | 83720-1000 | Mail |
| Office of the Attorney General | Jasmine Ramos-Rojas | James R. Thompson Center | 100 W Randolph St | Chicago | IL | 60601 | Email |
| Indiana Attorney General's Office | Todd Rokita | Indiana Government Center South | 302 W. Washington Street, 5th Floor | Indianapolis | IN | 46204 | Mail |
| Office of the Attorney General | Kris Kobach | 120 SW 10th Avenue, 2nd Floor | | Topeka | KS | 66612-1597 | Mail |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Avenue | Capitol Building, Suite 118 | Frankfort | KY | 40601 | Mail |
| Office of the Attorney General | Jeff Landry | P.O. Box 94095 | | Baton Rouge | LA | 70804-4095 | Mail |
| Office of the Attorney General | Andrea Campbell | ATTN: CAFA Coordinator/General Counsel's Office | One Ashburton Place | Boston | MA | 02108 | Mail |
| Office of the Attorney General | Anthony G. Brown | 200 St. Paul Place | | Baltimore | MD | 21202-2202 | Mail |
| Office of the Attorney General | Aaron Frey | State House Station 6 | | Augusta | ME | 04333 | Mail |
| Department of the Attorney General | Dana Nessel | 525 W. Ottawa Street | P.O. Box 30212 | Lansing | MI | 48909-0212 | Mail |
| Office of the Attorney General | Keith Ellison | Suite 102, State Capital | 75 Dr.  Martin Luther King, Jr. Blvd. | St. Paul | MN | 55155 | Mail |
| Missouri Attorney General's Office | Andrew Bailey | Supreme Ct Bldg. | 207 W. High Street | Jefferson City | MO | 65101 | Mail |
| Office of the Attorney General | Edward Manibusan | Administration Building | P.O. Box 10007 | Saipan | MP | 96950-8907 | Mail |
| MS Attorney General's Office | Lynn Fitch | Department of Justice | P.O. Box 220 | Jackson | MS | 39205 | Mail |
| Office of the Attorney General | Austin Knudsen | Justice Bldg. | 215 N. Sanders | Helena | MT | 59620-1401 | Mail |
| Attorney General's Office | Josh Stein | 9001 Mail Service Center | | Raleigh | NC | 27699-6400 | Mail |
| Office of the Attorney General | Drew Wrigley | State Capitol | 600 E. Boulevard Ave. | Bismarck | ND | 58505-0040 | Mail |
| Nebraska Attorney General | Mike Hilgers | State Capitol | PO Box 98920 | Lincoln | NE | 68509-8920 | Mail |
| Office of the Attorney General | John Formella | 33 Capitol St. | | Concord | NH | 03301 | Mail |
| Office of the Attorney General | Matthew J. Platkin | Richard J. Hughes Justice Complex | 25 Market Street, P.O. Box 080 | Trenton | NJ | 08625 | Mail |
| Office of the Attorney General | Raul Torrez | PO Drawer 1508 | | Santa Fe | NM | 87504-1508 | Mail |
| Office of the Attorney General | Aaron D. Ford | Old Supreme Ct. Bldg. | 100 N. Carson St. | Carson City | NV | 89701 | Email |
| Office of the Attorney General | Letitia James | CAFA Coordinator, Office of the Attorney General | 28 Liberty Street, 15th Floor | New York | NY | 10005 | Email |
| Office of the Attorney General | Dave Yost | State Office Tower | 30 E. Broad Street, 14th Floor | Columbus | OH | 43215 | Mail |
| Office of the Attorney General | Gentner Drummond | 313 NE 21st Street | | Oklahoma City | OK | 73105 | Mail |
| Office of the Attorney General | Ellen F. Rosenblum | Justice Bldg. | 1162 Court Street NE | Salem | OR | 97301 | Mail |
| Office of the Attorney General | Michelle A. Henry | Pennsylvania Office of Attorney General | 16th Floor, Strawberry Square | Harrisburg | PA | 17120 | Mail |
| PR Department of Justice | Domingo Emanuelli Hernández | P.O. Box 9020192 | | San Juan | PR | 00902-0192 | Mail |

**Exhibit 1**

**Page 10 of 35**

| List of Recipients of CAFA Notice | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Office Name** | **Individual Name** | **Address 1** | **Address 2** | **City** | **State** | **Zip** | **Method** |
| Office of the Attorney General | Peter F. Neronha | 150 S. Main Street | | Providence | RI | 02903 | Mail |
| Office of the Attorney General | Alan Wilson | Rembert C. Dennis Office Bldg. | P.O. Box 11549 | Columbia | SC | 29211-1549 | Mail |
| Office of the Attorney General | Marty Jackley | 1302 E. Highway 14, Suite 1 | | Pierre | SD | 57501-8501 | Mail |
| Office of the Attorney General | Jonathan Skrmetti | 425 5th Avenue North | | Nashville | TN | 37243 | Mail |
| Office of the Attorney General | Ken Paxton | Capitol Station | P.O. Box 12548 | Austin | TX | 78711-2548 | Mail |
| Office of the Attorney General | Sean Reyes | Utah State Capitol Complex | 350 North State Street, Suite 230 | Salt Lake City | UT | 84114-2320 | Mail |
| Office of the Attorney General | Jason Miyares | 202 North Ninth Street | | Richmond | VA | 23219 | Mail |
| Office of the Attorney General | Carol Thomas-Jacobs | 34-38 Kronprindsens Gade | GERS Building, 2nd Floor | St Thomas | VI | 00802 | Mail |
| Office of the Attorney General | Charity R. Clark | 109 State St | | Montpelier | VT | 05609-1001 | Mail |
| Office of the Attorney General | Bob Ferguson | 1125 Washington Street SE | P.O. Box 40100 | Olympia | WA | 98504-0100 | Email |
| Office of the Attorney General | Joshua Kaul | State Capitol, Room 114 East | P.O. Box 7857 | Madison | WI | 53707-7857 | Mail |
| Office of the Attorney General | Patrick Morrisey | State Capitol | 1900 Kanawha Blvd. E. | Charleston | WV | 25305 | Mail |
| Office of the Attorney General | Bridget Hill | 109 State Capitol | 200 W. 24th St. | Cheyenne | WY | 82002 | Mail |

**Exhibit 1**
**Page 11 of 35**

# EXHIBIT B

**Exhibit 1**
**Page 12 of 35**

**From:**          ETZ Hayim Holdings Data Security Incident Settlement
                   <noreply@etzdatabreachsettlement.com>
**Sent:**          Thursday, July 18, 2024 10:57 AM
**To:**
**Subject:**       ETZ Hayim Holdings Data Security Incident Settlement

Claim Number:
PIN:

**If your personal information may have been impacted by the March 1 – June 2, 2023, Data Incident involving ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals, a proposed class action settlement may affect your rights.**

For more information about the proposed settlement, including how to submit a claim, exclude yourself, or submit an objection, please visit www.etzdatabreachsettlement.com or call toll-free 1-844-804-2567

*United States District Court for the District of Oregon authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*

**What is this case about?** Two individuals ("Plaintiffs" or "Class Representatives") sued ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals ("ETZ" or "Defendant") alleging that unauthorized access to their private information occurred from unauthorized access to Defendant's network and systems, on or between March 1 and June 2, 2023 (the "Data Incident"). Defendant denies any wrongdoing.

**Who is a Class Member?** All persons in the U.S. whose information may have been impacted in the Data Incident, including persons who received a Data Incident notification.

**Exhibit 1**
**Page 13 of 35**

Excluded from the Class are (i) ETZ and its respective officers and directors; (ii) Class Members who timely and validly exclude themselves; (iii) the Judge and Magistrate Judge overseeing the case; and (iv) any Person responsible for the Data Incident.

**What are the benefits?** The Settlement provides the following benefits:

- 
  o **Documented Loss Payment**: Class Members may make a Claim for up to $5,000 for reimbursement. To receive a Documented Loss Payment, Class Members must select this option on the Claim Form and submit to the Settlement Administrator: (i) a valid Claim Form; (ii) an attestation regarding the Documented Loss; and (iii) reasonable documentation pursuant to the terms of the Settlement.

  o **Cash Award**: Instead of a Documented Loss Payment, Class Members may elect to claim a Cash Award, which will be calculated by dividing (i) the amount of cash left in the Post Loss Payment Net Settlement Fund by (ii) the number of Cash Award Claims.

**How do I make a Claim?** Online at www.etzdatabreachsettlement.com, by October 16, 2024, or by mail, postmarked by October 16, 2024.

**What are my other rights?**

- 
  o **Do Nothing**: If you do nothing, you remain in the You give up your rights to sue ETZ and all other Released Parties in the Settlement, and you will not get any money.

  o **Opt-Out**: You can exclude yourself from the Settlement and keep your right to sue for the claims being released in the Settlement, but you will not get any money from the Settlement. You must exclude yourself by September 16, 2024.

  o **Object**: You can stay in the Settlement but tell the Court why you disagree with the Settlement. Your objection must be submitted by September 16, 2024.

Detailed instructions on how to file a Claim Form, opt-out, or object to the Settlement can be found at: www.etzdatabreachsettlement.com.

The Court will hold the Final Fairness Hearing at the Mark O. Hatfield U.S. Courthouse, U.S. District Court for the District of Oregon, 1000 S.W. Third. Avenue, Room 1027, Portland, Oregon 97204 on November 12, at 10 a.m. PST to consider whether the proposed Settlement is fair, reasonable, and adequate, to consider an award of attorneys' fees of up to 25% of the Settlement Fund, reimbursement of the costs and expenses incurred in the Litigation, and Service Awards of $5,000 to the Class Representatives, and whether the

**Exhibit 1**
**Page 14 of 35**

Settlement should be approved. You may attend the hearing, but you don't have to. For complete information, visit www.etzdatabreachsettlement.com, or call 1-844-804-2567. You may also contact the Settlement Administrator at *ETZ Data Security Incident Litigation,* c/o Simpluris, P.O. Box 25226, Santa Ana, CA 92799.

3

**Exhibit 1**
**Page 15 of 35**

# EXHIBIT C

**Exhibit 1**
**Page 16 of 35**

ETZ Data Security Incident Litigation
c/o Simpluris
P.O. Box 25226
Santa Ana, CA 92799

PRESORTED
FIRST CLASS MAIL
US POSTAGE
PAID
SIMPLURIS INC

*Cimino et al. v. ETZ Hayim Holdings, S.P.C.,
d/b/a Lazarus Naturals
Case No. 3:23-cv-01185-JR*

**If your personal information may have been impacted by the March 1 – June 2, 2023, Data Incident involving ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals, a proposed class action settlement may affect your rights.**

For more information about the proposed settlement, including how to submit a claim, exclude yourself, or submit an objection, please visit www.etzdatabreachsettlement.com or call toll-free 1-844-804-2567

*United States District Court for the District of Oregon authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*

**Scan this QR Code to visit the Settlement Website:**



Claim #:                    PIN:

**Exhibit 1
Page 17 of 35**

**What is this case about?** Two individuals ("Plaintiffs" or "Class Representatives") sued ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals ("ETZ" or "Defendant") alleging that unauthorized access to their private information occurred from unauthorized access to Defendant's network and systems, on or between March 1 and June 2, 2023 (the "Data Incident"). Defendant denies any wrongdoing.

**Who is a Class Member?** All persons in the U.S. whose information may have been impacted in the Data Incident, including persons who received a Data Incident notification. Excluded from the Class are (i) ETZ and its respective officers and directors; (ii) Class Members who timely and validly exclude themselves; (iii) the Judge and Magistrate Judge overseeing the case; and (iv) any Person responsible for the Data Incident.

**What are the benefits?** The Settlement provides the following benefits:

• **Documented Loss Payment**: Class Members may make a Claim for up to $5,000 for reimbursement. To receive a Documented Loss Payment, Class Members must select this option on the Claim Form and submit to the Settlement Administrator: (i) a valid Claim Form; (ii) an attestation regarding the Documented Loss; and (iii) reasonable documentation pursuant to the terms of the Settlement.

• **Cash Award**: Instead of a Documented Loss Payment, Class Members may elect to claim a Cash Award, which will be calculated by dividing (i) the amount of cash left in the Post Loss Payment Net Settlement Fund by (ii) the number of Cash Award Claims.

**How do I make a Claim?** Online at etzdatabreachsettlement.com, by October 16, 2024, or by mail, postmarked by October 16, 2024.

**What are my other rights? Do Nothing**: If you do nothing, you remain in the Settlement. You give up your rights to sue ETZ and all other Released Parties in the Settlement, and you will not get any money. **Opt-Out**: You can exclude yourself from the Settlement and keep your right to sue for the claims being released in the Settlement, but you will not get any money from the Settlement. You must exclude yourself by September 16, 2024  **Object**: You can stay in the Settlement but tell the Court why you disagree with the Settlement. Your objection must be submitted by September 16, 2024. **Detailed instructions on how to file a Claim Form, opt-out, or object to the Settlement can be found at:** www.etzdatabreachsettlement.com**.**

The Court will hold the Final Fairness Hearing at the Mark O. Hatfield U.S. Courthouse, U.S. District Court for the District of Oregon, 1000 S.W. Third. Avenue, Room 1027, Portland, Oregon 97204 on November 12 at 10 a.m. PST to consider whether the proposed Settlement is fair, reasonable, and adequate, to consider an award of attorneys' fees of up to 25% of the Settlement Fund, reimbursement of the costs and expenses incurred in the Litigation, and Service Awards of $5,000 to the Class Representatives, and whether the Settlement should be approved. You may attend the hearing, but you don't have to. For complete information, visit www.etzdatabreachsettlement.com, or call 1-844-804-2567. You may also contact the Settlement Administrator at *ETZ Data Security Incident Litigation, c/o Simpluris*, P.O. Box 25226, Santa Ana, CA 92799

**Exhibit 1**
**Page 18 of 35**

# EXHIBIT D

**Exhibit 1**
**Page 19 of 35**

_____

# Notice of ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals Data Incident Class Action Settlement

_____

**If your personal information was potentially compromised in a Data Incident that took place at ETZ Hayim Holdings, S.P.C., on or between March 1 and June 2, 2023, you could get a payment from a class action Settlement.**

A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.

**Please read this Notice carefully and completely. Your legal rights are affected whether you act or don't act.**

<u>**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.**</u>

- A Settlement has been proposed in a class action lawsuit against ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals ("ETZ" or "Defendant"). The Settlement resolves claims brought by individuals impacted by the data security incident that took place on or between March 1 and June 2, 2023, that resulted in the potential compromise of the personal information of ETZ's current and former customers (the "Data Incident").

- You may be eligible to claim reimbursement for documented monetary losses (maximum payment of up to $5,000) from the proposed Settlement. To receive a payment, you must complete and submit a Claim Form.

- Instead of (and not in addition to) the documented monetary loss payment, you may elect to receive a cash award, the total of which will depend upon the number of valid claims for documented monetary loss payments and cash awards that are filed.

| Summary of Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. | Online or Postmarked by **October 16, 2024**. |
| **EXCLUDE YOURSELF BY OPTING OUT** | Get no payment. Keep your right to file your own individual lawsuit against ETZ for the same claims resolved by this Settlement. | Postmarked by **September 16, 2024**. |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | Tell the Court the reasons why you do not believe the Settlement should be approved. You can also ask to speak to the Court at the hearing on **November 12, 2024** about the fairness of the Settlement, with or without your own attorney. | Received by **September 16, 2024.** |

| **DO NOTHING** | Get no payment and be bound by the terms of the Settlement. | |
|---|---|---|

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ............................................................................................................. **5-6**

    1.  **Why did I get this notice?**
    2.  **What is this lawsuit about?**
    3.  **What is a class action?**
    4.  **Why is there a settlement?**

**WHO IS IN THE SETTLEMENT** ............................................................................................. **6**

    5.  **Who is in the settlement?**
    6.  **Are there exceptions to being included?**
    7.  **What should I do if I'm not sure whether I am included?**

**THE SETTLEMENT BENEFITS** ............................................................................................. **6-7**

    8.  **What does the Settlement provide?**
    9.  **What can I get from the Settlement?**
   10.  **What am I giving up if I stay in the class?**

**HOW TO GET A PAYMENT – MAKING A CLAIM** ............................................................. **7-8**

   11.  **How can I get a payment?**
   12.  **How much will my payment be?**
   13.  **When will I get my payment?**

**THE LAWYERS REPRESENTING YOU** ............................................................................... **8-9**

   14.  **Do I have a lawyer in this case?**
   15.  **Should I get my own lawyer?**
   16.  **How will the lawyers be paid?**

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ......................................................... **9-10**

   17.  **How do I get out of the Settlement?**
   18.  **If I am a settlement class member and don't opt out, can I sue the Defendant for the same thing later?**
   19.  **What happens if I opt out?**

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT** ........................................... **10-11**

   20.  **How do I tell the Court I don't like the Settlement?**
   21.  **What's the difference between objecting and opting out?**

**THE COURT'S FAIRNESS HEARING** ................................................................................. **11-12**

   22.  **When and where will the Court decide whether to approve the Settlement?**
   23.  **Do I have to come to the Fairness Hearing?**

24. **May I speak at the hearing?**

**IF I DO NOTHING**.................................................................................................................... **12**

25. **What happens if I do nothing at all?**

**GETTING MORE INFORMTION**............................................................................................ **12**

26. **Are more details about the Settlement available?**
27. **How do I get more information?**

## BASIC INFORMATION

**1. Why did I get this notice?**

You received this notice because you have been identified as a person whose information may have been accessed or exposed during the Data Incident, and you may have previously received a notice from ETZ mailed in or around July 10, 2023, that your information may have been impacted in the Data Incident. Two individuals who received a notice from ETZ regarding the Data Incident brought proposed class action lawsuits against ETZ in 2023, alleging that ETZ was negligent due to its data security practices. ETZ denied the allegations and denied that it would be found liable should this case proceed to trial. The parties have now reached a proposed Settlement of the lawsuits.

A Court authorized this notice because you have a right to know about your rights under the proposed class action Settlement before the Court decides whether to grant final approval to the Settlement. If the Court approves the Settlement, a Settlement Administrator appointed by the Court will provide the benefits and make the payments that the Settlement allows, and the pending legal claims against ETZ will be released and dismissed.

This package explains the lawsuit, the Settlement, your rights, what benefits are available, who is eligible for them, and how to get them. The case is *Cimino et al. v. ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals*, Case No. 3:23-cv-01185-JR, currently pending in the United States District Court for the District of Oregon.

**2. What is this lawsuit about?**

This matter is a putative class action (the "Litigation") arising from an incident whereby a cybercriminal gained unauthorized access to certain of ETZ's computer systems and the data stored thereon, resulting in potentially accessing sensitive personal information associated with current and former customers of ETZ (and/or its affiliates). The lawsuit asserts common law claims against ETZ for alleged negligent data security practices, alleged breach of contract, and statutory claims.

ETZ denies any allegation of wrongdoing and denies that Plaintiffs would prevail or be entitled to any relief should this matter proceed to be litigated.

**3. What is a class action?**

In a class action, one or more people called "Class Representatives" sue on behalf of themselves and other people who they allege have similar claims. This group of people is called the "class," and the people in the class are called "Settlement Class Members" or the "Settlement Class." One court resolves the issues for all Settlement Class Members, except for people who exclude themselves from the class. The persons who sued here—Deborah Cimino and Conor Mancone—are called the Plaintiffs. The entity they sued—ETZ—is called the Defendant.

**4. Why is there a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendant. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and Settlement Class Members can get benefits or compensation. The Class Representatives and Class Counsel think the Settlement is in the best interest of the Settlement Class.

## WHO IS IN THE SETTLEMENT?

### 5. Who is in the Settlement?

The Settlement Class is defined as: "all persons in the United States whose information may have been impacted in the Data Incident, including persons to whom ETZ mailed a notification that their information may have been impacted in the Data Incident." There are approximately 42,000 Class Members, all of whom are current or former ETZ customers.

### 6. Are there exceptions to being included?

Yes, the following are not included in the Settlement Class: ETZ and its respective officers and directors; all members of the Settlement Class who timely and validly request exclusion from the Settlement Class; the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement; and any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

### 7. What should I do if I am not sure whether I am included?

If you are not sure whether you are included in the Settlement Class, you can ask for free help by calling the Settlement Administrator, at 1-844-804-2567 or you can visit www.etzdatabreachsettlement.com for more information.

## THE SETTLEMENT BENEFITS

### 8. What does the Settlement Provide?

Under the Settlement, ETZ will establish a non-reversionary settlement fund in the amount of Three Hundred Thousand Dollars ($300,000.00). These funds will be used to pay for all valid claims made by Settlement Class Members, notice and administration costs, service awards, and attorneys' fees and costs. In no event shall ETZ pay more than $300,000.00.

### 9. What can I get from the Settlement?

Settlement Class Members may file a claim for one or more of the following settlement benefits.

**Documented Loss Payment:** In the alternative to a Cash Award, Settlement Class Members may make a Claim for a Settlement Payment of up to $5,000 for reimbursement in the form of a Documented Loss Payment. To receive a Documented Loss Payment, Settlement Class Members must choose to do so on their Claim Form and submit to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss; and (iii) reasonable documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement.

**IF YOU SELECT THE DOCUMENTED LOSS PAYMENT, YOU MAY NOT CLAIM THE CASH AWARD.**

**Cash Award**. As an alternative to filing a claim for a Documented Loss Payment, Settlement Class Members may submit a claim to receive a payment from the Settlement Fund, which will be

calculated by dividing (i) the amount of cash left in the Post Loss Payment Net Settlement Fund, which is the amount remaining in the Settlement Fund after the payment of the costs of Settlement Administration, Taxes and Tax-Related Expenses, attorneys' fees and costs, Service Awards to Class Representatives, and approved claims for Documented Loss Payments (ii) by the number of valid and timely Claim Forms submitted by Settlement Class Members electing to receive a Cash Award.

## 10. What am I giving up if I stay in the Class?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you will give up your right to sue, continue to sue, or be part of any other lawsuit against Defendant or other released parties concerning the claims released by this Settlement. The Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The entire Settlement Agreement can be viewed at www.etzdatabreachsettlement.com.

# How to Get a Payment – Making A Claim

## 11. How can I get a payment?

You must complete and submit a Claim Form by October 16, 2024. Claim Forms may be submitted online at www.etzdatabreachsettlement.com or mailed to the address on the Claim Form. Be sure to read the Claim Form instructions carefully, include all required information, and add your signature.

The Settlement Administrator will review your claim to determine the validity and amount of your payment.

This is a closed class. The benefits are available only to Settlement Class Members with a unique ID. All claims submitted by non-Settlement Class Members, or individuals who do not have a unique ID, will be rejected. If you believe you are a Settlement Class Member but do not have a unique ID, you can call the Settlement Administrator at 1-844-804-2567 to verify that you are a Settlement Class Member and obtain your unique ID.

## 12. How much will my payment be?

The amount of your payment will depend on the approved amount of your claim and the total value of all approved claims. If you are claiming Documented Losses under the Settlement, you must attest to the loss and any out-of-pocket expenses, their amount, and submit documentation demonstrating the loss. Documents submitted may include credit card or bank statements, emails, invoices, receipts, or telephone records, including photographs of these documents. Personal statements, declarations, or other "self-prepared" documents are not considered reasonable documentation, but may be used to provide clarification, context, or support for other documentation.

## 13. When will I get my payment?

The Court will hold a hearing on November 12, 2024, to decide whether to approve the Settlement. Payments will be made after the Settlement is approved and becomes final (meaning there is no appeal from the order approving the Settlement). Updates regarding the Settlement will be posted on the Settlement Website, www.etzdatabreachsettlement.com.

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

The law firm of Siri & Glimstad LLP represents the Settlement Class. These lawyers are called Class Counsel. You will not be charged for their services.

## 15. Should I get my own lawyer?

If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in court for you if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

## 16. How will the lawyers be paid?

The attorneys representing the Class have not yet received any payment for their legal services or any reimbursement of the costs or out-of-pocket expenses they have incurred. Class Counsel plans to ask the Court to award attorneys' fees from the Settlement Fund, not to exceed one fourth of the Settlement Fund (*i.e.* not more than $75,000.00). Class Counsel may also petition the Court for their out-of-pocket costs and expenses incurred in connection with the prosecution of the Litigation.

The Settlement Class is represented by two named individuals—Deborah Cimino and Conor Mancone (the "Class Representatives"). In addition to the benefits that the Class Representatives will receive as a member of the Settlement Class—and subject to the approval of the Court—Class Counsel will ask the Court to award a $5,000 Service Award to each of the Settlement Class Representatives for the efforts they have expended on behalf of the Settlement Class.

The Court will determine whether to approve the amount of fees and costs and expenses requested by Class Counsel and the proposed Service Awards to the Class Representatives. Class Counsel will file an application for fees, expenses, and Service Awards no later than September 2, 2024. The application will be available on the Settlement Website, www.etzdatabreachsettlement.com, or you can request a copy by contacting the Settlement Administrator.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 17. How do I get out of the Settlement?

If you are a Settlement Class Member and you do not want the benefits from the Settlement, and you want to keep your right, if any, to sue Defendant on your own about the legal issues in this Litigation, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement Class.

You may opt out of the Settlement Class by **September 16, 2024**. To opt out, you must send a letter or postcard via First-Class U.S. Mail to the address below. You should include the following in your letter or postcard:

- The name of the Litigation, *Cimino et al. v. ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals*, Case No. 3:23-cv-01185-JR (D. Or.), or a decipherable approximation;

- Your full name, address, telephone number, and original signature (or the original signature of a person authorized by law to act on your behalf, along with evidence of appointment of such person acting on your behalf);

- The words "Requests for Exclusion" at the top of the document or a clear statement that you want to opt out of the settlement.

You must mail your opt-out request via First-Class U.S. Mail, postmarked no later than **September 16, 2024** to:

*ETZ Settlement Administrator*
c/o Simpluris
P.O. Box 25226
Santa Ana, CA 92799

If you fail to include the required information, your request will be deemed invalid and you will remain a Settlement Class Member and be bound by the Settlement, including all releases.

### 18. If I am a Settlement Class Member and don't opt out, can I sue the Defendant for the same thing later?

No. You must opt out of the Settlement to keep your right to sue Defendant or other released parties for any of the claims resolved by the Settlement.

### 19. What happens if I opt out?

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class. You will not receive a payment as part of the Settlement. You will not be bound by the Settlement, releases, or by any further orders or judgments in this case. You will keep the right, if any, to sue on the claims alleged in the Litigation at your own expense.

In addition, if you opt out of the Settlement you cannot object to this Settlement because the Settlement no longer affects you. If you object to the Settlement <u>and</u> request to exclude yourself, your objection will be voided and you will be deemed to have excluded yourself.

## COMMENTING ON OR OBJECTING TO THE SETTLEMENT

### 20. How do I tell the Court if I don't like the Settlement?

If you are a Settlement Class Member and you do not opt out of the Settlement, you can object to the Settlement if you do not think it is fair, reasonable, or adequate. You can give reasons why you think the Court should not approve it. You cannot ask the Court to change or order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval, no settlement payments will be sent out and the Litigation will continue. If that is what you want to happen, you must object.

You may object to any part of the proposed Settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

All notices of an intent to object to the Class Settlement Agreement must be written and should include all of the following: (i) the objector's full name and address; (ii) the case name and docket number—*Cimino et al. v. ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals*, Case No. 3:23-cv-01185-JR (D. Or); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection; (vii) proof that the Settlement Class Member is a member of the Settlement Class; (viii) provide copies of any documents that the Settlement Class member wishes to submit in support of his or her position; and (ix) a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

Completed objections must also be submitted via First-Class U.S. Mail to the Settlement Administrator at the following address.

*ETZ Settlement Administrator*
c/o Simpluris
P.O. Box 25226
Santa Ana, CA 92799

Completed objections must also be submitted via First-Class U.S. Mail to Proposed Settlement Class Counsel, Siri & Glimstad LLP, 745 Fifth Avenue, Suite 500, New York, NY 10151; and counsel for ETZ, Anthony Copple, Jackson Lewis PC, 200 SW Market Street Suite 540, Portland, OR 97201. The objection must be filed with the Settlement Administrator, and must be postmarked no later than **September 16, 2024**.

## 21. What's the difference between objecting and opting out?

Objecting is telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you are a Settlement Class Member and do not opt out of the Settlement. Opting out of the Settlement is telling the Court that you don't want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it does not affect you.

# THE COURT'S FAIRNESS HEARING

## 22. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Fairness Hearing (also called the Final Approval Hearing) on November 12, 2024, at 10:00 a.m. at the Mark O. Hatfield United States Courthouse, United States District Court for the District of Oregon, 1000 S.W. Third. Avenue, Room 1027, Portland, Oregon 97204, before Magistrate Judge Jolie A. Russo. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate; Class Counsel's application for attorneys' fees, costs, and expenses; and whether to approve Service Awards to the Class Representatives. If there are objections, the Court will consider them. The Court may choose to hear from people who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to approve the Settlement. There is no deadline by which the Court must make its decision.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this notice. The date of the Fairness Hearing may change without further notice to Settlement Class Members. Be sure to check the Settlement Website, www.etzdatabreachsettlement.com for updates.

Class Counsel will file a motion for final approval of the Settlement by October 29, 2024. Objectors, if any, must file any response to Class Counsel's motion by November 5, 2024. Responses to any objections and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses, and Service Awards will be filed by November 12, 2024.

### 23. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the hearing to talk about it. As long as you mailed or filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 24. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you should include a statement in your written objection (*see* Question 20) that you intend to appear at the hearing. Be sure to include your name, address, and signature as well. Notwithstanding the foregoing, it is in the judge's discretion to let you speak at the Fairness Hearing. You cannot speak at the hearing if you opt out or exclude yourself from the Class.

## IF I DO NOTHING

### 25. What happens if I do nothing at all?

If you are a Settlement Class Member and do nothing, you will not get any money from this Settlement, and you will not be able to sue the Defendant or other released parties for the claims released by the Settlement Agreement.

## GETTING MORE INFORMATION

### 26. Are more details about the Settlement available?

This notice summarizes the proposed Settlement—more details are in the Settlement Agreement and other case documents available at www.etzdatabreachsettlement.com, by reviewing the case docket and filings by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ord.uscourts.gov, or by visiting the Office of the Clerk, United States District Court, 405 East Eighth Ave., Eugene, OR 97401 between 8:30 a.m. and 4:30 p.m., Monday through Thursday, 9:30 a.m. to 4:30 p.m. Fridays, excluding Court holidays.

### 27. How do I get more information?

Visit the Settlement Website, www.etzdatabreachsettlement.com, where you will find more information, including the Claim Form, a copy of the Settlement Agreement, and answers to questions about the Settlement and other information to help you determine whether you are eligible for a payment.

Contact the Settlement Administrator, Simpluris, at 1-844-804-2567 or by writing to Attn: ETZ
Settlement at:

*ETZ Settlement Administrator*
c/o Simpluris
P.O. Box 25226
Santa Ana, CA 92799

**PLEASE DO NOT CONTACT THE COURT, THE COURT CLERK'S OFFICE, OR
DEFENDANT TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT E

**Exhibit 1**
**Page 32 of 35**

## CLAIM FORM

*Cimino et al. v. ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals,* Case No. 3:23-cv-01185-JR
United States District Court for the District of Oregon

**The DEADLINE to submit or mail this Claim Form is: October 16, 2024**

### GENERAL INSTRUCTIONS

This class action litigation arose from a data security incident involving ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals ("ETZ") between March 1 and June 2, 2023 that was perpetrated by an unauthorized third party that potentially accessed unencrypted and unredacted name, billing and shipping address, and financial information, such as credit or debit card information (including card number, expiration date and printed card security code) of certain current and former ETZ customers (the "Data Incident"). If you received a notice about this class action Settlement addressed to you, then the Settlement Administrator has already determined that you are a Settlement Class Member.

As a Settlement Class Member, you are eligible to receive compensation for unreimbursed documented losses or, alternatively, a cash award.

### CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes before the Settlement benefits are issued, you must notify the Settlement Administrator.

First Name                              M.I.    Last Name

Alternative Name(s)

Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2:

City:                              State:          Zip Code:

Telephone Number (Home)              Telephone Number (Mobile)

Email Address

Claim Number Provided on mailed Notice or Obtained from Settlement Administrator

1

**Exhibit 1**
**Page 33 of 35**

**BENEFIT SELECTION**

**You may choose to claim either the documented monetary loss payment OR a cash award. You may only choose either Category A or Category B below.**

### A. Documented Loss Payment

All members of the Settlement Class who submit a Valid Claim using this Claim Form are eligible for reimbursement of the following **documented** out-of-pocket losses, not to exceed $5,000 per member of the Settlement Class, that were incurred as a result of the Data Incident:

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ○ Out-of-pocket expenses incurred as a result of the Data Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| **Examples of Supporting Third Party Documentation:** *Telephone bills, cell phone bills, gas receipts, postage receipts, bank account statements reflecting out-of-pocket expenses. Please note that these examples of reimbursable documented out-of-pocket losses are not meant to be exhaustive, but exemplars. You may make claims for any documented out-of-pocket losses that you believe are reasonably related to the Data Incident or to mitigating the effects of the Data Incident.* | | |
| ○ Fees for credit reports, credit monitoring or other identity theft insurance products purchased between March 13, 2023 through the close of the Claims Period October 16, 2024. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| **Examples of Supporting Documentation:** *Receipts or account statements reflecting purchases made for Credit Monitoring or Identity Theft Insurance Services.* | | |
| ○ Compensation for proven monetary loss, professional fees including attorneys' fees, accountants' fees, and fees for credit repair services incurred as a result of the Data Incident. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| **Examples of Supporting Documentation:** *Invoices or statements reflecting payments made for professional fees/services.* | | |
| ○ Loss expenses resulting from fraud or identity theft that occurred as a result of the Data Incident. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| **Examples of Supporting Documentation:** *Bank statements, credit card statement, letters from the IRS or other tax authorities, letters from state unemployment agencies, and police reports.* | | |

2

**Exhibit 1**
**Page 34 of 35**

NOTE: You must include documentation supporting your claim for a Documented Loss Payment. This can include receipts or other documentation not "self-prepared." "Self-prepared" documents such as handwritten receipts are, by themselves, **not** sufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

**B. Cash Award**

If you wish to receive a Cash Award payment, check the box below, provide the email address associated with your PayPal, Venmo, or Zelle account below, and sign and return this Claim Form. A check will be mailed to the address above or will be deposited in the PayPal, Venmo, or Zelle account provided below.

☐    I would like to receive a Cash Award.

The email address associated with my PayPal account is [OPTIONAL]:

| | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

The email address associated with my Venmo account is [OPTIONAL]:

| | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

The email address associated with my Zelle account is [OPTIONAL]:

| | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**SIGNATURE**

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____    _____
Signature                                                                            Date

3

**Exhibit 1**
**Page 35 of 35**

# EXHIBIT 2

955 Riverforest Dr
New Braunfels TX 78132


Settlement Class Counsel
Siri & Glimstad LLP
745 Fifth Avenue, Suite 500
New York, NY  10151


To whom it may concern,

This letter is to state my objection to the proposed ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals Data Incident Class Action Settlement.  Required items for objection as stated by Simpluris:

| | |
|---|---|
| i. | Objector name and address:  Paul G Ringmacher, 955 Riverforest Dr, New Braunfels, TX 78132 |
| ii. | Case name / docket number:  Cimino et al. v. ETZ Hayim Holdings, S.P.C., d/b/a Lazarus Naturals, Case No. 3:23-cv-01185-JR |
| iii. | Grounds for objection: (see below) |
| iv. | Representative council:  NONE |
| v. | Objector will NOT appear at the Final Fairness Hearing |
| vi. | Objector Signature (see below) |
| vii. | Proof objector is a Settlement Class Member:  Claim #: 79-FbF8Rr-06 (Simplus claim number) |
| viii. | No documents to submit |
| ix. | Prior 3 year class action objections by Objector:  NONE |

As a military veteran I rely on the products from Lazarus Naturals daily.  They are an extremely well-run business and go far above and beyond expectations in terms of supporting our military and first responders.  A true Patriot Company.  Their ethical behavior with both customers and the environment to which they produce products is impeccable and their concern for customer safety is beyond any company I have dealt with.

While multiple federal and state regulators have Personal Identifiable Information (PII) standards, the reality is in 2024 that my (and I would say ALL) class member have had their PII (credit card numbers) compromised on multiple occasions.  Data breaches are just a way of life now.  The other reality is that neither I nor any of the class members bear responsibility for potential resulting fraudulent charges and thus no loss or liability on our behalf exists – other than the activities required to replace PII (credit cards), to which is simply a part of living and doing business in 2024.  I find it reprehensible that attorneys would seek frivolous claims against great businesses like Lazarus Naturals given no financial or other harm was caused to myself.

I strongly request you reject plaintiff's complaint immediately.


Regards,


Paul G. Ringmacher
paul@ringmacher.com

**Exhibit 2**
**Page 1 of 1**