Paul B. Barton, OSB No. 100502
OLSEN BARTON LLC
4035 Douglas Way, Suite 200
Lake Oswego, OR 97035
Tel: (503) 468-5573
Fax: (503) 820-2933
paul@olsenbarton.com

Mason A. Barney
Tyler J. Bean
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
mbarney@sirillp.com
tbean@sirillp.com

*Attorneys for Plaintiffs, on behalf of themselves and
on behalf of all others similarly situated*

# THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| DEBORAH CIMINO and CONOR MANCONE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ETZ HAYIM HOLDINGS, S.P.C., d/b/a LAZARUS NATURALS, <br><br> Defendant. | Case No. 3:23-cv-01185-JR |

**MASON A. BARNEY DECLARATION IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Mason A. Barney, declare under penalty of perjury as follows:

1

1.      I am currently a partner of the law firm Siri & Glimstad, LLP ("Siri & Glimstad") and am admitted to practice *pro hac vice* before this Court. [1]

2.      I am one of the Class Counsel appointed by the Court for Plaintiffs and the Class in the above referenced action along with Tyler Bean of my firm Siri & Glimstad, LLP (referred to as "Proposed Class Counsel" or "Class Counsel").

3.      I submit this declaration in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, filed contemporaneously herewith.

## I.    THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

4.      Plaintiffs Deborah Cimino and Conor Mancone (collectively, "Plaintiffs") and Defendant ETZ Hayim Holdings, S.P.C, d/b/a Lazarus Naturals ("ETZ" or "Defendant") have reached an agreement to settle this Action pursuant to the terms of the Settlement Agreement.

5.      The Settlement provides substantial benefits to the Settlement Class, representing a favorable achievement for Settlement Class Members when weighed against the risk of a likely diminished recovery were the case to proceed through protracted litigation. Here, as part of negotiations, ETZ provided Plaintiffs with sufficient documentation to establish that it is a small company with very modest revenues. Moreover, through informal discovery, Proposed Class Counsel learned that ETZ has no insurance policy applicable to the Data Breach. Thus, due to ETZ's precarious financial state and inadequate insurance policy applicable to the litigation, it was highly uncertain what ability (if any) ETZ would have to fund an adequate settlement for Plaintiffs and the Class. However, due to the experience and expertise of Proposed Class Counsel, they negotiated a Settlement that provides a combination of cash benefits and remedial measures to Plaintiffs and the Class. Notably, Proposed Class Counsel secured a non-

---

[1] Capitalized terms not defined herein have the meanings set in the Settlement Agreement, which is attached as Exhibit 1 to Plaintiffs' Unopposed Motion for Preliminary Approval, ECF No. 20.

reversionary cash Settlement Fund of $300,000.00 to the benefit of Settlement Class Members for a small class of just over 42,000 class members. In addition, Proposed Class Counsel secured substantial business practice commitments designed to remediate the shortcomings in ETZ's data security measures and thereby providing further meaningful benefits to Settlement Class Members whose Personal Information is maintained by ETZ.

6.     The proposed Settlement was agreed to following extensive arm's-length settlement negotiations between the Parties with the assistance of an experienced mediator, Hon. Wayne Anderson (Ret.) of JAMS. The Parties reached an agreement on the essential terms of a settlement, resulting in the Settlement Agreement, subject to the final approval of the Court. In the weeks that followed, the Parties negotiated the finer points of the Settlement Agreement and exchanged multiple emails and phone calls, culminating in the written terms of the Settlement Agreement.

7.     The Settlement was achieved only after a thorough investigation that culminated in the consideration of relevant informal discovery and weeks of settlement negotiations. By the time the Settlement in principle was reached, Plaintiffs and Proposed Class Counsel were well informed of the strengths and weaknesses of the Action.

8.     This Settlement is an excellent result for Plaintiffs and the Class under the circumstances, particularly considering the financial challenges posed and the inherent risks attendant to protracted and complex litigation.  This matter provided an additional challenge in that there was a real risk of non-recovery even if Plaintiffs successfully obtained a judgment against ETZ. Given the significant obstacles and inherent risks Plaintiffs face with respect to the novel claims brought in data breach class actions, including class certification, summary

judgment, and trial, the substantial benefits the Settlement provides favors final approval of the Settlement.

9.    My opinion is informed by my experience litigating complex class actions, including data breach class actions. Indeed, Class Counsel have successfully prosecuted and settled numerous data breach class actions, consumer class actions, and other complex litigations throughout the country. *See* ECF No. 20-1, Ex. 2 (resume of Class Counsel); *see also* Order Granting Preliminary Approval of Class Action Settlement and Approving Notice Program, ECF No. 21, ¶ 2 ("Additionally, the Court finds that Siri & Glimstad LLP will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).").

## II.    THE NOTICE TO THE CLASS SATISFIES DUE PROCESS

10.    After the Settlement was reached, Plaintiffs' Counsel undertook a competitive bidding process to identify a Settlement Administrator for the Class. The Parties selected Simpluris, Inc. ("Simpluris"). Simpluris is a well-known firm with a history of successfully administering many class action settlements, including other data breach settlements. The Parties selected Simpluris after considering bids from multiple administration firms and believe that Simpluris will be able to meet the obligations imposed on the Settlement Administrator under the settlement for a reasonable cost.

11.    The Notice program was structured to fulfill all requirements of Due Process while remaining straight-forward and easy to understand.

12.    Pursuant to the Settlement Agreement, and following the entry of the Preliminary Approval Order, Defendant provided the Settlement Class List to the Settlement Administrator.

13.     Class Counsel instructed the Settlement Administrator to begin disseminating copies of the Postcard Notice and Postcard Claim Form by email or direct mail in accordance with the Preliminary Approval Order. *See* Declaration of Admin ("Admin Decl."), attached to the Unopposed Motion for Final Approval as **Exhibit 1**, ¶ 5. The Settlement Administrator remailed Postcard Notices and Claim Forms to Class Members for which the initial Postcard Notice was returned or undeliverable by email but for which the Settlement Administrator was able to obtain an alternative mailing address through skip tracing, forwarding information, or other means. *Id*. ¶ 11. Through these means, the Settlement Administrator was able to successfully provide direct notice to 42,020 Settlement Class Members, representing 99.78% of the Settlement Class. *Id*. ¶ 12.

14.     In accordance with the Preliminary Approval Order, the Settlement Administrator established a dedicated settlement website to provide Settlement Class Members with information concerning the Settlement, the ability to access downloadable copies of the Notice and copies of the Settlement Agreement, and the ability to submit claim forms online. *Id*. ¶ 13.

15.     The Settlement Administrator has additionally established a toll-free telephone number for Settlement Class Members to obtain information about the Settlement and/or seek other assistance. *Id*. ¶ 14.

16.     The Court-approved Notice explains the background and terms of the Settlement and provides members of the Settlement Class with the date of the final approval hearing.  The Notice also provides Settlement Class Members with an explanation of the Settlement, the Settlement benefits, the requests for fees and expenses of Plaintiffs' Counsel and service award to Plaintiffs, and the rights and options of Settlement Class Members (including the right to object to the settlement or exclude themselves from the settlement).

**III.    THE POSITIVE RESPONSE FROM THE SETTLEMENT CLASS**

17.    The deadline to request exclusions from the Settlement or to object to the Settlement was September 16, 2024.  As of October 4, 2024, Simpluris received no request for exclusion and only a single objection to the Settlement, which does not even take issue with the Settlement itself.

18.    A copy of the single page objection is attached to the Unopposed Motion for Final Approval as **Exhibit 2**.

19.    In contrast, as of October 28, 2024, 544 valid Claim Forms, representing 1.29% of the Settlement Class, were submitted, comparing favorably to the claims rates in other class action settlements where final approval was granted, as evidenced in the below chart:

| Case | Claims Rate |
|---|---|
| *In re Hudson's Bay Co. Data Sec. Incident Consumer Litig.*, **No. 18-CV-8472 (PKC), 2022 WL 2063864, at *10 (S.D.N.Y. June 8, 2022)** | 0.25% |
| *Corona v. Sony Pictures Entmt., Inc.*, **No. 2:14-cv-9600 (C.D. Cal. Apr. 12, 2016), ECF Nos. 164, 166** | 0.7% |
| *Thomsen, et al. v. Morley Companies Inc.*, **No. 1:22-CV-10271-TLL-PTM (E.D. Mich.), ECF No. 31** | 1.24% |

20.    Overall, the response from the Settlement Class has been positive, which demonstrates Class Members' approval of the Settlement.

///

///

///

///

///

///

## V.     CONCLUSION

21.     In my professional opinion, under the current circumstances, the Settlement represents an excellent result for the Settlement Class making the proposed class action settlement is fair, reasonable, and adequate. Therefore, I support final approval of the Settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 29, 2024                                 Respectfully submitted,

                                                        */s/: Mason A. Barney*
                                                        Mason A. Barney*
                                                        **SIRI & GLIMSTAD LLP**

                                                        *Class Counsel*